IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:14-CR-78-FL-1

UNITED STATES OF AMERICA )
)
v. )
) O R D E R
MYRON PELECH, )
)
Defendant. )

This matter came before the court today for a hearing on the competency of Defendant

Myron Pelech ("Defendant") to determine whether Defendant is able to understand the nature

and consequences of the proceedings against him and to assist properly in his defense, in

accordance with 18 U.S.C. §§ 4142 and 4247(d). At the hearing the government was represented

by Assistant United States Attorney Lawrence Cameron and Defendant, who was present in the

courtroom, was represented by James Ayers. The court advised Defendant of his rights under 18

U.S.C. § 4247(d), which Defendant indicated he understood, and Defendant indicated further he

was prepared to go forward with his case today.

The government argued the findings contained in the Forensic Evaluation dated October

13, 2015, and filed October 20, 2015, which was prepared by Heather Ross, Ph.D., Sex Offender

Forensic Psychologist of the Federal Correctional Institution-Butner, pursuant to an order entered

August 6, 2015. A copy of the Forensic Evaluation was provided to counsel in advance of the

hearing and was reviewed by Defendant. According to the Forensic Evaluation, Defendant has

been diagnosed with a Paranoid Personality Disorder, Cocaine Use Disorder, Alcohol Use

Disorder and Cannabis Use Disorder, but that despite these disorders, Defendant is able to

understand the nature and consequences of the proceedings against him and to assist properly in

his defense. The government offered no further evidence. Defendant did not contest the findings of the Forensic Evaluation offered by the government or present any evidence.

After consideration of the position of the parties and the findings contained in the Forensic Evaluation, the court does not find by a preponderance of the evidence, pursuant to 18 U.S.C. § 4141(d), that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

A finding that Defendant is mentally competent to stand trial shall not prejudice him in raising the issue of his insanity as a defense to the offense charged, and shall not be admissible as evidence at trial for the offense charged. 18 U.S.C. § 4241(f).

So ordered, the 26th day of October 2015.

_____
Robert B. Jones, Jr.
United States Magistrate Judge