IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CR-78-FL-1
No. 4:18-CV-119-FL

| | |
|---|---|
| MYRON PELECH, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 91), respondent's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 95), and petitioner's motion to clarify and correct his motion to vacate (DE 101). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R") (DE 106), wherein it is recommended that the court deny petitioner's motions and grant respondent's motion. Petitioner timely objected. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, petitioner's § 2255 motion is denied, respondent's motion to dismiss is granted, and petitioner's motion to clarify or correct is denied. The court denies petitioner a certificate of appealability.

## BACKGROUND

On December 16, 2014, petitioner was indicted on fifteen counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

On February 5, 2016, petitioner's counsel filed motions in limine to prevent the introduction of polygraph evidence and computer analysis and forensics conducted by the government. On February 23, 2016, pursuant to the terms of a written plea agreement, petitioner pleaded guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Petitioner's pretrial motions were withdrawn at arraignment. (Transcript of Arraignment ("Tr.") (DE 80) 19:18–20). Consistent with the terms of petitioner's plea agreement, he was sentenced to a term of 120 months imprisonment on June 9, 2016.

Petitioner timely appealed his sentence. Petitioner's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there were no meritorious issues for appeal but seeking review of the district court's enhancement of petitioner's sentence for use of a computer in the instant offense. Petitioner also filed a pro se brief arguing the court lacked jurisdiction, the government engaged in prosecutorial misconduct, and counsel rendered ineffective assistance. The United States Court of Appeals for the Fourth Circuit affirmed in part and dismissed in part petitioner's appeal. United States v. Pelech, 683 F. App'x 257, 257 (4th Cir. 2017) (per curiam). Petitioner never sought certiorari, and his judgment became final July 25, 2017.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error,"

and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

Petitioner seeks relief under § 2255, alleging 1) ineffective assistance of trial counsel, 2) ineffective assistance of appellate counsel, 3) prosecutorial misconduct, and 4) violation of his Fourth and Fifth Amendment rights. In motion to clarify or correct, petitioner also argues that respondent improperly applied 18 U.S.C. § 2252 to his case. For the reasons discussed below, the record conclusively shows petitioner is entitled to no relief, and no evidentiary hearing is warranted.

1. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution provides that a criminal defendant is entitled "to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. In order claim that counsel's assistance was constitutionally ineffective, a petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 688, 687 (1984). Under the first prong, a petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The second prong requires a petitioner to show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

    a.    Trial Counsel

Petitioner contends that counsel's performance at arraignment was deficient because counsel forced petitioner to enter an "unknowing and unintelligent plea" and because counsel withdrew petitioner's pretrial motions. (§ 2255 Motion (DE 91) at 4).

"[I]n the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted).

On de novo review, the court concludes that petitioner knowingly and voluntarily pleaded guilty in a properly conducted Rule 11 proceeding. (See Tr. 5:2–18:24). During the hearing, petitioner indicated under oath that he had discussed his case with counsel and was satisfied with his services. (Tr. 10:17–25). When asked if anybody made any threats to petitioner to induce a guilty plea, petitioner said no. (Tr. 11:19–24). Petitioner also acknowledged that by pleading guilty there would not be a trial, and as such his pretrial motions in limine would be moot. (Tr. 15:7–14, 18:4–14, 19:18–19).

Petitioner relies upon the Fourth Circuit's decision in Crawford v. United States for the proposition that a criminal defendant may not always answer questions in a Rule 11 proceeding with complete candor. 519 F.2d 347, 351 (4th Cir. 1975), overruled on other grounds by United States v. Whitley, 759 F.2d 327 (4th Cir. 1985). However, Crawford also explains "there is no need for us to question the accuracy of the Rule 11 answers in any case, unless and until an accused alleges reasons why we should do so." Id. Petitioner also relies without recourse upon Walters v. Harris, an inapplicable case addressing the fact that plea bargains should be entered into the record in a Rule 11 proceeding. See 460 F.2d 988, 993 (4th Cir. 1972), overruled on other grounds by United States v. Whitley, 759 F.2d 327 (4th Cir. 1985). Finally, petitioner's reliance on United States v. Cronic is misplaced, because petitioner cannot show he was actually or constructively denied his right to counsel. 466 U.S. 648, 659 (1984).

Petitioner does not plausibly demonstrate extraordinary circumstances that warrant disregarding his testimony under oath at his Rule 11 hearing. See Lemaster, 403 F.3d at 221. Therefore, petitioner fails to establish counsel's performance in district court was deficient or that he was prejudiced by counsel's conduct.

b.  Appellate Counsel

Petitioner also contends that his appellate counsel was ineffective, because he filed an Anders brief without seeking petitioner's approval.

Criminal defendants have a right to effective assistance of counsel on appeal. Evitts v. Lucey, 469 U.S. 387, 393–94 (1985). "While 'the accused has the ultimate authority' to decide whether to 'take an appeal,' the choice of what specific arguments to make within that appeal belongs to appellate counsel." Garza v. Idaho, 139 S. Ct. 738, 746 (2019) (quoting Jones v. Barnes, 463 U.S. 745, 751 (1983)). The decision of what issues to raise on appeal is a tactical decision. Smith v. Robbins, 528 U.S. 259, 288 (2000). The court should find appellate counsel's tactical decision deficient "only when ignored issues are clearly stronger than those presented." Id. To show prejudice, petitioner must "show a reasonable probability that . . . he would have prevailed on appeal" but for counsel's deficient performance. Id. at 285–26 (citing Strickland, 466 U.S. at 694).

Petitioner claims that appellate counsel was ineffective because he filed an appellate brief on behalf of petitioner without consulting him. (See § 2255 Motion (DE 91) at 5). Petitioner fails to plausibly allege that he was prejudiced. To begin with, petitioner raised the issues that he believed should have been raised in a pro se supplemental brief to the Fourth Circuit. Pelech, 683 F. App'x at 257. The court "reviewed the record in this case, as well as Pelech's pro se supplemental brief, and [] found no meritorious issues for appeal" outside the scope of the appellate waiver entered by petitioner as part of his plea agreement. Id. at 258.

Petitioner claims appellate counsel should have raised his Fourth Amendment arguments on appeal. (See Pet. Mem. (DE 91-1) at 4–5). Here too, petitioner was not prejudiced. Petitioner waived his right to appeal any Fourth Amendment violation. (See Tr. 7:23–8:2, 13:5–15:2; Plea

Agreement (DE 59) at 1–2). In addition, as discussed by the court below, petitioner's guilty plea mooted any such constitutional challenge. (See Tr. 15:7–14, 18:4–14, 19:18–19).

Finally, petitioner argues that counsel never consulted with him regarding taking an appeal. (Obj. (DE 107) at 5). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000). However, petitioner timely filed his notice of appeal on June 22, 2016, defeating any assertion that he was prejudiced by counsel's alleged failure to advise him on taking an appeal. (Notice of Appeal (DE 72) at 1).

Petitioner fails to allege ineffective assistance of his appellate counsel.

### c. Prosecutorial Misconduct

Petitioner contends that prosecutors engaged in misconduct by abusing the discovery process. Specifically, he asserts that respondent failed to produce evidence tracing the files on the suspect computer to him, and there was no evidence of IP addresses or ISP connections to satisfy the interstate nexus requirement. Rather than alleging prosecutorial misconduct, petitioner merely challenges the factual basis of his plea.

Prosecutorial misconduct has two necessary components: 1) the prosecutor's conduct must have been improper, and 2) such conduct prejudicially affected petitioner's substantial rights to deprive him of a fair proceeding. United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007) (citing United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999)).

Petitioner argues that respondent engaged in misconduct by failing to disclose evidence regarding the chain of command and interstate nexus in his case. A review of the record indicates

that respondent did not withhold discovery. (See Transcript of Motion Hearing (DE 79) 6:17–11:25, 13:1–14:13, 16:16–17:1).

More importantly, respondent's alleged failure to disclose the information petitioner requested does did prejudice his substantial rights. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989); see McCarthy v. United States, 394 U.S. 459, 466 (1969) ("[A] guilty plea is an admission of all the elements of a formal criminal charge."). "A valid guilty plea also renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered." Class v. United States, 138 S. Ct. 798, 805 (2018).

In the instant case, petitioner knowingly and voluntarily pleaded guilty to receipt of child pornography. (See Tr. 5:2–18:24). At petitioner's Rule 11 hearing, the prosecutor informed the court that the computer containing the child pornography belonged to petitioner's mother, Rosemary Harrell, but that petitioner had been using the computer for about a year. (Tr. 16:7–15). Once the contents of the computer were found, Harrell handed the computer over to the Sheriff's Department. (Tr. 16:15–22). A forensic examination of the computer was conducted by an agent from the State Bureau of Investigation, who determined there was child pornography on the computer. (Tr. 16:23–17:4). Petitioner admitted to receiving and possessing child pornography when questioned at the Kitty Hawk Police Department. (Tr. 17:5–10). Petitioner told the agents that he used a type of peer-to-peer software and public high-speed internet to download the child pornography. (Tr. 17:10–14). Further forensic examination revealed over 7,500 images of prepubescent children engaged in 18 sexually explicit conduct with adult males, including very

young children. (Tr. 17:15–19). After hearing this factual basis and being asked if he received child pornography, petitioner said "yes," admitting to the elements of the crime. (Tr. 18:1–3).

Petitioner also argues that respondent engaged in improper conduct by "intimidating" his fiancée, who petitioner claims would have been called as a defense witness. (§ 2255 Motion (DE 91) at 6; Obj. (DE 107) at 7). Here again, petitioner cannot demonstrate any prejudice from respondent's conduct because he chose to plead guilty and waive his right to call witnesses. (See Tr. 5:18–6:8, 11:1–6).

Petitioner does not plausibly allege that respondent engaged in prosecutorial misconduct.

### d. Fourth and Fifth Amendment

Petitioner claims that his Fourth and Fifth Amendment rights were violated as a result of respondent's warrantless search of the laptop computer in this case.

A petitioner's knowing and voluntary guilty plea "constitutes a waiver of all nonjurisdictional defects." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). "A valid guilty plea 'forgoes not only a fair trial, but also other accompanying constitutional guarantees.'" Class, 138 S. Ct. at 805 (quoting United States v. Ruiz, 536 U.S. 622, 628–29 (2002)).

As noted above, petitioner knowingly and voluntarily pleaded guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). (See Tr. 5:2–18:24). He also waived his right to raise such constitutional challenges on appeal. (See Tr. 7:23–8:2, 13:5–15:2; Plea Agreement (DE 59) at 1–2). Therefore, petitioner's guilty plea and appeal waiver bar petitioner's claims for Fourth and Fifth Amendment violations.

### 2. Petitioner's Motion to Clarify and Correct (DE 101)

Petitioner's motion to correct advances the argument that the government incorrectly applied 18 U.S.C. § 2252 to his case.

In pertinent part, § 2255 imposes a one-year statute of limitations for motions that runs from "the date on which the judgment of conviction becomes final."[1] 28 U.S.C. § 2255(f)(1). "[I]f a petitioner does not seek certiorari," then a judgment becomes final "when the time for filing a certiorari petition expires." Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (quoting Clay v. United States, 537 U.S. 522, 527 (2003)). Pursuant to Rule 13 of the Rules of the United States Supreme Court, "a petition for a writ of certiorari to review a judgment in any case . . . entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."

In the instant case, the Fourth Circuit's judgment went into effect April 25, 2017. (4th Cir. Mandate (DE 89) at 1). Petitioner had until July 24, 2017, to file a petition for writ of certiorari and did not do so. Petitioner's judgment thus became final for purposes of post-conviction relief on July 25, 2017. For petitioner's motion to clarify or correct to be timely, he was required to file the motion not later than July 25, 2018. Since the motion to clarify or correct was filed October 1, 2018, it is barred by the statute of limitations. Therefore, the court denies petitioner's motion to clarify and correct with prejudice.

C.    Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims

---

[1]    The one-year statute of limitations may also run from other occurrences not pertinent here. See 28 U.S.C. § 2255(f)(2), (3), and (4).

presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, motion to vacate, set aside, or correct his sentence (DE 91) is DENIED. Respondent's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 95) is GRANTED. Petitioner's motion to clarify and correct his motion to vacate (DE 101) is DENIED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of January, 2020.

LOUISE W. FLANAGAN
United States District Judge